**Robert GREINER, Plaintiff—Appellant,**

v.

**COMMISSIONER OF SOCIAL SE-CURITY ADMINISTRATION, Defendant—Appellee.**

No. 07–35853.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2009.*

Filed March 11, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Tim Wilborn, Wilborn Law Office, PC, Oregon City, OR, for Plaintiff–Appellant.

L. Jamala Edwards, Esquire, SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, Karin J. Immergut, U.S., Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Claimant Robert Greiner appeals from an adverse judgment in this social security disability case. We review the district court's judgment de novo, *Edlund v. Mas-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*sanari,* 253 F.3d 1152, 1156 (9th Cir.2001), and must affirm the decision of the Commissioner of the Social Security Administration if it is supported by substantial evidence, *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998).

■ 1. The administrative law judge ("ALJ") properly evaluated the medical evidence. The ALJ set forth specific and legitimate reasons, based on substantial evidence in the record, for rejecting Dr. Kafrouni's July 2003 report. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). For example, Dr. Kafrouni changed his opinion concerning the extent of Claimant's limitations even though his condition did not change. The ALJ also acknowledged and properly evaluated the medical reports by the state agency physicians.

■ 2. The ALJ gave clear and convincing reasons, which are supported by substantial evidence, that Claimant is not entirely credible. *Thomas v. Barnhart,* 278 F.3d 947, 958–59 (9th Cir.2002). Claimant made inconsistent statements about his ability to read, and his daily activities, such as repairing a car, lifting hay bales, and caring for horses, demonstrate that he is more capable than he claims.

■ 3. The ALJ gave germane reasons for rejecting the lay testimony by Claimant's wife and friends. *Lewis v. Apfel,* 236 F.3d 503, 510–12 (9th Cir.2001). That lay testimony conflicted with the medical record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir.2005). Although the ALJ did not address the statements by Mr. Bateman and Mr. Farmer, that evidence was submitted after the ALJ's decision, and the statements do not compel a change of the ALJ's decision because they conflict with the medical record.

■ 4. Substantial evidence supports the ALJ's determination of Claimant's residual functional capacity. Medical reports and testimony presented at the hearing support the ALJ's conclusion in this regard.

■ 5. Substantial evidence supports the ALJ's determination that Claimant's impairments did not meet or equal Listing 12.05C (mental retardation). No medical evidence supports a finding that Claimant is disabled on the basis of mental retardation.

■ 6. The ALJ properly applied the Medical–Vocational Guidelines in determining that Claimant is not disabled and retains the capacity to perform work. Substantial evidence supports this finding.

AFFIRMED.